579 P.2d 1110

The STATE of Arizona, Appellee,

v.

Betty Jean DAVIS, Appellant.

No. 2 CA–CR 1254.

Court of Appeals of Arizona, Division 2.

March 9, 1978.

Rehearing Denied April 12, 1978.

Review Denied May 2, 1978.

John A. LaSota, Jr., Acting Atty. Gen., by William J. Schafer III and Diane De-Brosse Hienton, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Michael J. Bloom, Asst. Public Defender, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Pursuant to a plea agreement, appellant pled guilty to one count of aggravated battery. She was placed on probation for a period of five years and as conditions of that probation, was prohibited from obtaining custody of her two minor children and precluded from any type of employment where she might be responsible for children. On appeal, appellant attacks the first condition and the validity of her guilty plea.

The basis of the charge against appellant involved burns to the hands and knees of her two-year-old son.

During the course of the proceedings, appellant's children were placed in the temporary custody of the Department of Protective Services. Neither appellant nor her husband, who suffers from multiple sclerosis, were permitted to see the children.

Appellant's first contention is that the trial court had no jurisdiction to preclude her from seeking to retain custody of her children as a condition of probation. In Arizona, a sentencing court may, in its discretion, place a defendant on probation ". . . upon such terms and conditions as the court determines . . ." A.R.S. § 13–1657(A)(1) (Supp.1977). Appellant argues that the right to custody and control of one's children is a constitutionally protected right, citing *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), and that only the juvenile court would have jurisdiction over a termination of the parent-child relationship, citing A.R.S. § 8–532. However, it must be noted that the condition of probation does not permanently deprive appellant of any legal parent-child relationship. It merely insures that she will not have unsupervised physical access to her children during the term of her probation. It has been stated:

"Conditions that unquestionably restrict otherwise inviolable constitutional rights may properly be subject to special scrutiny to determine whether the limitation does in fact serve the dual objectives of rehabilitation and public safety. But this

is not to say that there is any presumption, however weak, that such limitations are impermissible." *United States v. Consuelo-Gonzalez*, 521 F.2d 259 at 265 (9th Cir. 1975).

 The question is whether there is a reasonable nexus between the conditions imposed and the goals to be achieved by the probation. *Malone v. United States*, 502 F.2d 554 (9th Cir. 1974). In the instant case the condition certainly bears a relationship to the prevention of further injury to the children as well as to the rehabilitation of appellant. The psychological evaluation of appellant prepared by the court psychologist specifically noted that the stresses involved in raising children appeared to be beyond her level of emotional control and expressed the fear that the children might be harmed should appellant be given control over them. With such an evaluation, we cannot say the trial court abused its discretion in imposing the condition of probation which it did. We agree with appellee's comment that should appellant's circumstances change as a result of her undergoing counseling, she can at that time seek a modification of the condition of probation under Rule 27.2, Arizona Rules of Criminal Procedure, 17 A.R.S.

 The second point raised by appellant is that her guilty plea was not knowingly, intelligently and voluntarily made since she was not made aware that her plea would affect her ability to regain custody of her children. There is no requirement that a defendant be informed of the possible discretionary conditions which might be imposed should probation be granted. Parenthetically, we note that appellant was forbidden unsupervised physical custody of her children under the terms of her pretrial release. She should therefore have been able to infer that the trial court was concerned with the safety of the children while she was unconfined. No objection to the condition of probation was made below. A defendant can always reject the terms of probation and ask to be incarcerated instead if he finds the terms and conditions of probation too harsh. *State v. Montgomery,*

115 Ariz. 583, 566 P.2d 1329 (1977). We therefore see no error in the trial court's refusal to apprise appellant of all the possible conditions which might have been imposed.

We have reviewed the entire record for fundamental error and have found none.

Affirmed.

RICHMOND, C. J., and HOWARD, J., concur.