583 P.2d 1389

**The STATE of Arizona, Appellee,**

v.

**Calvin CUMMINGS, Appellant.**

**No. 1 CA–CR 3053.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 22, 1978.

John A. LaSota, Jr., Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Carol Benyi, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Edward C. Voss, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Judge.

Here we must determine if the trial court erred in ordering the defendant, as a term of probation in this burglary case, to make restitution for a loss incurred in a prior burglary committed by the defendant.

The appellant/defendant Calvin Cummings entered a plea of guilty to burglarizing his former employer on April 4, 1977. He was caught in the act and there was no loss to the victim. Approximately three weeks earlier in March, 1977, the defendant admitted he also had burglarized the same premises and that he had taken six cases of seafood which were later valued at $1870 by his former employer. The defendant was never charged with the March burglary. As a condition of his probation for the April burglary he was ordered to repay his former employer for the loss suffered in the March burglary.

The defendant appeals from that term of probation directing this restitution. Defendant alleges such restitution order was unlawful because it relates to a crime merely alleged in the presentence report and directs repayment of a sum which was never ascertained at any evidentiary hearing.

The defendant cites one case in support of his appeal. *People v. Richards,* 17 Cal.3d 614, 131 Cal.Rptr. 537, 552 P.2d 97 (1976). In *Richards* the California Supreme Court in a 4 to 3 decision remanded the case for resentencing where the trial court directed the defendant, as a condition of probation, to repay a debt he owed the victim. The Court reasoned that under the particular facts of that case it could see no rehabilitative purpose in the order and therefore remanded the case with directions to modify the terms of probation. The Court noted that "california courts have approved the imposition for rehabilitative purposes of restitution not limited to the loss caused by the offense of which the defendant was convicted."

In our opinion, the facts of this case can be distinguished from the facts in *Richards.* For California cases involving fact situations more closely analogous to the issue before us in which similar orders of restitution were affirmed, see *People v. Lent,* 15 Cal.3d 481, 124 Cal.Rptr. 905, 541 P.2d 545 (1975); *People v. Miller,* 256 Cal.App.2d 348, 64 Cal.Rptr. 20 (1967); *People v. Williams,* 247 Cal.App.2d 394, 55 Cal.Rptr. 550 (1966). Our reading of the California cases suggests they do not favor the defendant's position but are in fact supportive of the trial court's order in this case.

The precise question of whether restitution as a condition of probation should be limited to the consequences of the particular crime of which the defendant stands convicted has never been directly considered by Arizona appellate courts. However, it is well settled law that Arizona's probation statute, ARS § 13–1657, authorizes the imposition of restitution or reparation as a condition of probation. *Shenah v. Henderson,* 106 Ariz. 399, 476 P.2d 854 (1970); *Redewill v. Superior Court,* 43 Ariz. 68, 29 P.2d 475 (1934). It is also the law of Arizona that an appellate court is reluctant to interfere with the trial court's discretion in imposing conditions of probation and will uphold any conditions reasonably related to reparations or prevention of future crime.

*Redewill v. Superior Court.* Restitution and reparations are constructive tools of the criminal sentencing process and they are not necessarily confined to "liquidated," "special" or "easily measurable" damages. *State v. Garner,* 115 Ariz. 579, 566 P.2d 1055 (Ct.App.1977). Unless the terms of probation are such that they violate basic fundamental rights or bear no relationship whatever to the purposes of probation over incarceration, the appellate courts will not disturb the trial court's exercise of its discretion. *State v. Montgomery,* 115 Ariz. 583, 566 P.2d 1329 (1977).

■ In this case we find no violation of the defendant's fundamental rights and believe the trial court properly exercised its discretion in ordering restitution for the prior burglary. The defendant has confessed to both burglaries and the amount of loss was verified by the company's records. The defendant within a short period of time has burglarized the same premises. It appears only reasonable that an order directing restitution for all losses should have the salutory rehabilitative effect of forcing the defendant to accept the responsibility for his criminal behavior. It also has the beneficial effect of insuring repayment to the victim for all losses suffered as a result of defendant's criminal behavior. Rehabilitation of the defendant and restitution to the victim are both proper goals of the criminal justice system.

In this case the court ordered the defendant to make restitution through the clerk of the court in the sum of $1870, payable at the rate of $30 per month. At that time the defendant had the right to object to the terms of probation and ask for a modification or to be incarcerated. *State v. Montgomery.* Also, the defendant has the burden of bringing to the attention of the trial court any factors which might bear upon the reasonableness of any reparations order or upon his ability to make the restitution as so ordered by the court. *Shenah v. Henderson.* The defendant made no formal objection to the suspension of sentence and elected to abide by the terms of probation rather than take his chances with any other sentencing alternatives open to the trial court. The trial court properly advised the defendant that if there were any problems with the restitution order, that upon proper application, the court would hear the matter.

We find no abuse of discretion and affirm.

EUBANK, P. J., and JACOBSON, J., concur.