628 P.2d 65

STATE of Arizona, Appellee,

v.

Joseph Patrick SMITH, Appellant.

No. 1 CA–CR 4659.

Court of Appeals of Arizona,
Division 1,
Department B.

April 28, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Charles R. Krull, Deputy Public Defender, Phoenix, for appellant.

OPINION

HAIRE, Presiding Judge.

On this appeal, appellant contends that the trial court erred in imposing as a condition of appellant's probation a requirement that he not allow his home to be homesteaded under Arizona law. He contends that precluding him from placing a homestead exemption on his home constitutes a violation of the public policy of this state and is an illegal condition of probation.

Appellant's conviction resulted from a guilty plea to a charge of grand theft by embezzlement, with appellant admitting the embezzlement of approximately $40,000 from his employer to cover gambling debts. He had signed a promissory note to repay $18,000 to his employer, and the employer had obtained a lien in that amount against

appellant's home. However, at the time of sentencing, restitution had not been made.[1]

Since appellant had no prior criminal record, he was considered a prime candidate for probation. A principal aspect of the presentence investigation report issued by the probation department concerned appellant's attitude towards assuming responsibility for his crime and his willingness to make restitution. At all times prior to sentencing appellant expressed a willingness to make full restitution through a future sale of his home with the equity to go to the embezzlement victim. He also expressed a willingness to commence immediately monthly restitution payments.

The probation officer included in his presentence investigation report a summarization of appellant's statement in that regard, as follows:

"The defendant reports that he has every intention of repaying the money taken but because of his limited financial earning capability he has been unable to do so. He reports present equity in his home of $20,000.00 and advises that he is willing to sell his home and turn the equity over to his former employer or to keep the home for a time, then sell it and turn it over to his former employer. In the meantime he has expressed a willingness to begin monthly restitution payments.

\* \* \* \* \* \*

He states that he is fully prepared to turn the equity of his home over to his previous employer and that if he is able to keep his home for another year or two he believes that all or at least a substantial part of the money he embezzled would be forthcoming upon the sale of his home. He asserts that this is the only asset he possesses and he and his wife understand that they must give up their home if full restitution is to be made. In the meantime the defendant expressed his willingness to begin making monthly payments towards restitution although he

believes they would be a serious financial bind on his family."

At the presentence hearing, appellant's counsel again emphasized to the trial judge appellant's desire to make complete restitution, including his willingness to sell his home for that purpose. Thereafter, the trial judge, in support of his finding of facts and circumstances sufficient to justify probation, stated:

"I have taken into consideration the nature of the offense, the fact that this was your first arrest, the fact that you are willing to do everything possible to pay restitution in this matter."

After placing appellant on probation for a period of seven years, the trial judge then imposed two special restitution conditions. The first[2] required that $10,000 be paid through the clerk of the court in regular monthly payments of $125. The second restitution condition[3] was that he not allow his home to be homesteaded. This condition emanated from appellant's previously expressed willingness to dispose of his home. The transcript reveals the following colloquy between the court and appellant concerning this condition:

"THE COURT: Also, under special condition number 20, 'The defendant shall not allow his home to be homesteaded under the Arizona law.' Do you understand that?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: And you understand the reason for that?

"THE DEFENDANT: Yes, Your Honor."

■ Appellant now contends that this second condition violates public policy and is an illegal condition of probation. In evaluating this contention we note that prior Arizona case law has interpreted the Arizona probationary statutes as authorizing res-

---

1. The record does not reflect whether the lien was a civil judgment lien or a consensual lien in the nature of a mortgage.

2. Special Condition No. 14.

3. Special Condition No. 20.

titution as a condition of probation.[4] *Shenah v. Henderson*, 106 Ariz. 399, 476 P.2d 854 (1970); *Redewill v. Superior Court*, 43 Ariz. 68, 29 P.2d 475 (1934); *State v. Cummings*, 120 Ariz. 69, 583 P.2d 1389 (App. 1978); *State v. Garner*, 115 Ariz. 579, 566 P.2d 1055 (App.1977). The fundamental principle established by these and other Arizona decisions is that unless the terms of probation are such that they violate fundamental rights or bear no reasonable relationship to the purposes of probation over incarceration, the appellate courts will not interfere with the trial court's exercise of discretion in the formulation of the terms and conditions of probation. *State v. Cummings, supra; see also State v. Davis*, 119 Ariz. 140, 579 P.2d 1110 (App.1978). Our courts have recognized that the imposition of conditions requiring restitution can have a sound rehabilitative effect in forcing the defendant to accept the responsibility for his criminal behavior, and that rehabilitation of the defendant and restitution to the victim are both proper goals of the criminal justice system.

Against this background we now consider appellant's contention that the trial judge erred in imposing as a condition of probation a requirement that he not allow his home to be homesteaded. First, we view this condition as a restitution condition falling within the purview of the above-cited decisions, and well within the discretion of the trial judge unless it can be said that the public policy of this state absolutely prohibits the trial judge's requirement that appellant waive that right.

█ From a review of the Arizona statutes governing homestead exemptions,[5] it is abundantly clear that the exemption may be voluntarily waived. First and foremost, a person claiming the exemption must take positive steps to assert and record a homestead claim. A.R.S. § 33–1102. The homestead right may be waived by the simple failure to assert the claim prior to execution sale. *First National Bank of Mesa v. Reeves*, 27 Ariz. 508, 234 P. 556 (1925). Furthermore, once claimed, the homestead right may be abandoned or waived by following the procedure set forth in A.R.S. § 33–1104. It thus cannot be argued that in Arizona there is a fundamental public policy prohibiting waiver of the right to assert a homestead exemption.

█ Appellant's presentencing expression of willingness to sell his home in order that restitution might be accomplished must be interpreted as a willingness to waive his homestead exemption rights. The condition imposed by the trial judge merely precluded appellant's reneging on the representations made by him relating to restitution. At the time he was initially placed on probation on February 29, 1980, he expressly indicated to the trial judge that he understood the reason why the condition was necessary, and expressed no objection to the imposition of the condition. Shortly thereafter a petition to revoke his probation was filed, and at a disposition hearing held on April 14, 1980, he was reinstated on probation, with the trial judge again expressly imposing the same condition.[6] Here again, appellant expressed no objection.

█ Appellant urges that the statutes granting the right to a homestead exemption for the purpose of preserving the family ought to be considered by this court as being paramount in establishing the public policy of this state, and therefore not susceptible to interference, even as punishment for crime. *See State v. Mitchell*, 194 Kan. 463, 399 P.2d 556 (1965).[7] While the preser-

---

**4.** A.R.S. § 13–1657, which governed the granting of probation at the time the embezzlement was committed, has now been repealed. Under Arizona's new criminal code, effective October 1, 1978, the provisions of A.R.S. §§ 13–603 and 13–901 expressly authorize restitution as a condition of probation.

**5.** A.R.S. §§ 33–1101 through 33–1107.

**6.** We note that this appeal was timely taken from the initial imposition of probation.

**7.** *State v. Mitchell* held that a statutory padlocking penalty imposed for violation of Kansas liquor laws was an unlawful interference with a homestead exemption created by the Kansas constitution. Other states have reached contrary results. *See 1018–3rd St. v. State*, 331 S.W.2d 450 (Tex.Ct.App.1959).

vation of the family is of great importance and undoubtedly a public policy goal which should always be considered, our courts have not hesitated to uphold probation conditions directly interfering with and disrupting family relationships when there is a reasonable nexus between such conditions and the goals to be achieved by probation. *State v. Davis, supra.* Here, the relationship of the homestead waiver condition to the goal of restitution is obvious. We therefore hold that the imposition of the homestead waiver condition did not violate the public policy of this state nor constitute an illegal condition of probation.

We also hold that appellant by his conduct has waived his right to object to the trial court's imposition of the homestead waiver condition as a term of probation. The appropriate time to consider any objections which a defendant might have to the terms of his probation is the time of imposition of those terms. Otherwise, the trial judge is effectively deprived of the opportunity to consider the imposition of other sentencing alternatives that might then be open to the trial court. *State v. Cummings, supra; see also, State v. Montgomery,* 115 Ariz. 583, 566 P.2d 1329 (1977).

The judgment and sentence imposed are affirmed.

JACOBSON and EUBANK, JJ., concur.