654 P.2d 29

STATE of Arizona, Appellee,

v.

Charles Day MEARS, Jr., Appellant.

No. 1 CA–CR 5726.

Court of Appeals of Arizona,
Division 1, Department A.

Oct. 5, 1982.

Rehearing Denied Oct. 28, 1982.

Review Denied Nov. 23, 1982.

Robert K. Corbin, Arizona Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., and Greg A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Presiding Judge.

In this appeal, the appellant/defendant Charles Ray Mears, Jr., presents two issues for our resolution. First, the defendant contends the trial court erred in the order of restitution; second, the defendant claims the trial court erred in ordering him to reimburse the county for probation services pursuant to the unconstitutional provisions of A.R.S. § 13–901(A). We find no error and affirm the defendant's conviction and sentence.

The defendant pled guilty to the charge of Unlawful Use of Means of Transportation as a Class 1 misdemeanor. Under the terms of his plea agreement, the trial court suspended the imposition of sentence for three years and placed the defendant upon probation under certain terms and conditions.

The two contested terms of probation will now be considered.

## THE RESTITUTION TERM

As a term of probation, the defendant was ordered under special Term 14 to: "Make and pay restitution through the Clerk of the Superior Court of Maricopa County in the total amount of $996.94 in regular monthly payments of $33.25 each month beginning on 1–15–82 and on the 15th day of each month thereafter until paid in full."

The defendant reasons that it was error to order restitution in the total sum of $996.94 when the uncontested value of the subject vehicle he wrecked was $795.00. The defendant maintains the $996.94 amount of restitution claimed by the victim and his insurance company was unreasonable and that the court erred in not conducting a hearing under the provisions of A.R.S. § 13–901(H) to determine the proper amount of restitution. A.R.S. § 13–901(H) provides:

When restitution is made a condition of probation, the court shall fix the amount thereof and the manner of performance. If the record does not contain sufficient evidence to support a finding of the amount, the court *may* conduct a hearing upon the issue, according to procedures established by rule of court. (Emphasis added).

We agree with the state's assertion that the record contained sufficient evidence to support the order of restitution and that it was unnecessary for the court to conduct a hearing under A.R.S. § 13–901(H). The presentence report reflects that the insurance company paid its insured victim the total sum of $795.00. Although the insurance company received $300.00 as salvage on the damaged vehicle, such sum was turned over to the insured victim to

partially cover the victim's costs in renting a substitute vehicle. The victim stated he had suffered an additional loss of $201.94 in renting a substitute vehicle that was not reimbursed by his insurance company. The insurance company suffered a loss of $795.00 and the victim a loss of $201.94, which added together equals the $996.94 sum of restitution ordered by the trial court.[1]

The record further discloses that there was never any objection entered as to the written terms of probation at any stage of the proceedings, nor did the defendant request a hearing under A.R.S. § 13–901(H). The defendant agreed to pay restitution as a condition of the plea agreement. On the date of sentencing, the trial court carefully went over the terms of probation with the defendant, and the defendant accepted such terms without objection. The defendant went over the written terms of his probation with his attorney and then signed the terms of probation.

■ It is the established law of this state that a probationer waives any objection to the terms of probation when he fails to make a timely objection. The proper time to object to a term of probation is at the time it is imposed. To wait to object to such terms on appeal is to deprive the trial court of an opportunity to consider alternatives in the sentencing and to foreclose the trial court from correcting any alleged errors. *State v. Smith*, 129 Ariz. 28, 628 P.2d 65 (App.1981).

## PROBATION SERVICE FEE TERM

As a further term of probation, the defendant was ordered under standard Term 5 to: "Pay a monthly fee for probation services to the Clerk of the Superior Court of Maricopa County at a rate of $20.00 commencing on 11–8–81 and due on the 8th of each month thereafter during the term of probation."

This standard term of probation in Maricopa County is authorized under the provisions of A.R.S. § 13–901(A), which reads in pertinent part:

When granting probation to an adult the court shall inquire into the ability of the probationer to pay a fee. If the court is satisfied that the probationer can pay a fee, the court shall, as a condition of probation, assess a monthly fee in an amount that the probationer can bear, payable to the clerk of the court. The clerk of the court shall pay all monies collected from this fee to the county treasurer for deposit in the probation services fund.[2]

The defendant submits that A.R.S. § 13–901(A) is unconstitutional insofar as it mandates the payment of a fee as a condition of probation. The defendant reasons that such statute violates the division of powers provision of Art. 3 of the Arizona Constitution, which provides: ·

The powers of the government of the State of Arizona shall be divided into three separate departments, the Legislative, the Executive, and the Judicial; and, except as provided in this Constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others.

The defendant argues that this statute reduces the function of the sentencing judge to little more than a clerical decision. The only discretion exercised by the court is in the determination of the ability of the probationer to pay.

■ Initially we note that the defendant has never disputed his ability to pay the $20.00 monthly probation fee. Rather, the defendant attacks A.R.S. § 13–901(A) as a legislative intrusion on the judicial function. We find no unconstitutional intrusion upon the judicial function. The trial judge has broad discretion in the setting of a probation service fee. The court can de-

1. No issue was raised as to the authority of the court to order restitution to the insurance company, and such issue has not been considered in the disposition of this case.

2. The probation services fund is provided for in A.R.S. § 12–267. The fund is to be used to improve, maintain or expand probation services. *See* A.R.S. §§ 12–262 and 12–265.

**98**

cline to set any fee if it appears the probationer is not financially able to pay such a fee or the court can set any reasonable fee "in an amount that the probationer can bear."

In *State v. Williams*, 115 Ariz. 288, 564 P.2d 1255 (App.1977), Division 2 of this court held that Art. 3 of the Arizona Constitution did not prohibit the legislature from precluding a court from imposing probation by prescribing mandatory prison sentences. The court found that the legislature properly exercised its power to prohibit suspension of a sentence as an inherent part of its power to prescribe punishment for the acts which it has prohibited as criminal. Although it has not specifically passed upon this question, the Arizona Supreme Court has recognized that probation is a matter of "legislative grace". *State v. Smith*, 112 Ariz. 416, 419, 542 P.2d 1115 (1975).

We find no violation of Art. 3 of the Arizona Constitution in the provisions of A.R.S. § 13–901(A).

█ Additionally, the defendant argues that the mandated fee as a condition of probation is violative of due process of law. Defendant reasons that such a fee does not have a rehabilitative effect and does not further the goals of criminal justice. We disagree. To require a probationer to help defray the state's costs of supervising his probation should be beneficial in the rehabilitation of the defendant, and such reimbursement into the probation fund will strengthen the criminal justice system's ability to finance its probation services. We find there is nothing unconstitutional in the Arizona Legislature enacting legislation that requires a financially capable probationer to help defray the state's costs of maintaining him while on probation.

The judgment and sentence are affirmed.

CORCORAN and FROEB, JJ., concur.