670 P.2d 1189

**STATE of Arizona, Appellee,**

v.

**William Roger YOUNG, Appellant.**

**No. 1 CA–CR 5966.**

Court of Appeals of Arizona,
Division 1, Department B.

July 12, 1983.

Rehearing Denied Aug. 31, 1983.

Review Denied Oct. 18, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Cr. Div., Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Law Offices of David H. Palmer, Jr. by David H. Palmer, Jr., Prescott, for appellant.

OPINION

GRANT, Judge.

This is an appeal from a sentence on a conviction for three counts of aggravated assault. We find that the trial court properly imposed restitution to the Yavapai County Sheriff's Office for appellant's medical bills as a condition of probation and therefore affirm the sentence.

On August 4, 1981, appellant's girl friend attempted to remove her belongings from their trailer. Initially appellant did not allow her to remove her possessions. When she later returned to the trailer with a police officer, appellant refused to admit them. Appellant threatened to commit suicide, as well as physical injury to anyone who attempted to enter the trailer.

The County Sheriff was dispatched to the scene. Officer Garrison attempted to talk to appellant through a window of the trailer. Appellant became very agitated and kicked out the window. Throughout the day, appellant made several telephone calls indicating that he would attempt suicide. At approximately eight o'clock that evening, Officers Smith and Villareal, believing that appellant was about to commit suicide, entered the trailer through the back door.

Appellant heard the officers enter and charged at them with hunting knives in each hand. Officer Smith ducked into the bathroom and closed the door. Appellant struck the bathroom door with one of the hunting knives, and then turned and rushed at Officer Villareal. The officer shot appellant three times in the stomach. One of the bullets exited appellant's body, went through the bathroom door and struck Officer Smith.

Appellant was rushed to Yavapai Community Hospital where he was treated for gunshot wounds. Because appellant was in the custody of the Sheriff's Office while receiving medical treatment, the Sheriff's Office assumed responsibility for paying his medical bills.

Appellant recovered and entered into a plea agreement in which he pled no contest to three counts of aggravated assault, class 6 nondangerous felonies. Appellant was placed on probation for a period of three years. As one of the conditions for probation, appellant was ordered to pay restitution in the amount of $10,649.92, payable in 30 months. This amount covered damage to the trailer, medical expenses of the police officer, and appellant's medical expenses which were paid for by Yavapai County.

On appeal, appellant argues that the trial court improperly imposed as a condition of probation that he be required to reimburse the Yavapai County Sheriff's Office for his medical bills. Appellant argues that he never admitted liability for those expenses and that Yavapai County was not a "victim" of the crime within the meaning of A.R.S. § 13–901(A).

Before considering the merits of appellant's argument, we will first address the state's argument that appellant has waived his right to challenge the imposition of the condition by failing to raise this issue when sentence was imposed. The state points out that appellant did not object at the time of sentencing to the imposition of this condition, that appellant signed the terms and conditions of probation on February 1, 1982,

and that not until February 25, 1982, when he filed a motion for modification of conditions of probation did appellant challenge the trial court's authority to impose the contested condition. The state argues that the appropriate time to consider any objections which a defendant might have to the terms of his probation is the time of imposition of those terms. *State v. Mears,* 134 Ariz. 95, 654 P.2d 29 (App.1982); *State v. Smith,* 129 Ariz. 28, 628 P.2d 65 (App.1981).

The case at bar is distinguishable from those cited by the state, however, in that here appellant filed a timely motion for modification of conditions of probation pursuant to rule 27.2, Arizona Rules of Criminal Procedure. Thus, the trial court was given "an opportunity to consider alternatives in the sentencing" as well as to correct any alleged errors. *State v. Mears, supra,* 134 Ariz. at 97, 654 P.2d at 31. *See State v. Smith, supra.* We find that appellant has not waived his objection to the terms of probation. We will therefore discuss the merits of his objection.

A.R.S. § 13–901(A) requires the sentencing court to "order restitution pursuant to § 13–603, subsection C where there is a victim who has suffered economic loss." A.R.S. § 13–603(C) provides as follows:

> If the court imposes probation it may also impose a fine as authorized by Chapter 8 of this title and shall require the convicted person to make restitution to the victim of the crime in such amount and manner as the court may order, after consideration of the economic loss to the victim and economic circumstances of the convicted person.

The term "victim" is defined by A.R.S. § 13–4201(4) as follows:

> "Victim" means any person, including the surviving dependent of a person, who has suffered physical injury or pecuniary loss resulting from the crime of the accused.

"Person" is defined in A.R.S. § 13–105(21) as follows:

> "Person" means a human being and, as the context requires, an enterprise, a pub-

lic or private corporation, an unincorporated association, a partnership, a firm, a society, a government or a governmental authority.

Appellant admits that A.R.S. § 13–603(C) is susceptible to a broad interpretation pursuant to which any amount could be ordered to be paid as restitution. He urges, however, that a narrow interpretation of the statute would be more appropriate under the existing Arizona case law. Appellant argues that the issue of whether he owes payment for the medical bills is entirely separate from the issue of whether he is guilty of aggravated assault. He argues that the Sheriff's Office may have a civil claim to recover the medical bills but that the bills should not be considered in the criminal setting. Appellant asserts that he has lost several of the due process rights which would have been available to him in a civil trial. To allow the trial courts to impose restitution for civil matters, argues appellant, would make the court a collection agency in violation of *State v. Garner,* 115 Ariz. 579, 566 P.2d 1055 (App.1977).

In support of a narrow interpretation of our statute, appellant cites Oregon case law interpreting a similar Oregon statute.[1] In *State v. Stalheim,* 275 Or. 683, 552 P.2d 829 (1976), the court narrowly construed the term "aggrieved party" to be the direct victim of a crime and not other persons who suffer losses because of the victim's death or injury. *State v. Dillon,* 51 Or.App. 729, 626 P.2d 959 (1980) *modified on appeal,* 292 Or. 172, 637 P.2d 602 (1981), is a case which is factually similar to the case at bar in that the defendant was ordered to reimburse a state agency for his own hospital bills arising out of his criminal activity as a condition of probation. The Oregon Court of Appeals found the condition to be improper, stating:

> The requisite relationship between the numerous crimes for which defendant

was convicted and his liability for the medical expenses incurred because of his injury is missing. Defendant would have been convicted had he not been shot. The fact that he was shot does not increase his liability for his criminal conduct. It would be quite possible for defendant to be guilty of these crimes, and yet not be liable for the medical expenses. In a civil trial he could very well have defenses available to him which would have been irrelevant to the criminal charges.

51 Or.App. at 733, 626 P.2d at 963.

In contrast to the narrow interpretation given by the Oregon courts to its restitution statute, the courts in this state have given a broad interpretation to our restitution statutes. *See State v. Merrill,* 136 Ariz. 300, 665 P.2d 1022 (App.1983); *State v. Balsam,* 130 Ariz. 452, 636 P.2d 1234 (App.1981); *State v. Smith, supra.* Appellate courts will not interfere with the trial court's exercise of discretion in the formulation of the terms and conditions of probation unless they violate fundamental rights or bear no reasonable relationship to the purposes of probation. *State v. Cummings,* 120 Ariz. 69, 583 P.2d 1389 (App.1978); *State v. Smith, supra.*

In *State v. Merrill, supra,* this court examined A.R.S. § 13–603(C) to determine if "victim" within the meaning of the statute included an insurance company. We determined that the legislature intended that the statute be given a broad interpretation so as to enhance the rehabilitation purposes of probation. *See Shenah v. Henderson,* 106 Ariz. 399, 476 P.2d 854 (1970) (upholding restitution to a third party as a condition of probation before enactment of the restitution statute). Thus, restitution to an insurance company as a condition of probation was held to be proper.

In the case at bar, the trial court's order of restitution to Yavapai County for

---

1. Or.Rev.Stat. § 137.540(10) authorizes a sentencing court to require as a condition of probation that the defendant shall:

Make reparation or restitution to the aggrieved party for the damage or loss caused by [the] offense, in an amount to be determined by the court.

expenses incurred for appellant's own medical expenses will promote the rehabilitation purposes of probation by impressing upon appellant the specific consequences of his criminal activity and force him to accept responsibility for these consequences. *See State v. Merrill.*

Appellant's reliance upon *State v. Monick,* 125 Ariz. 593, 611 P.2d 946 (App.1980) and *State v. Reese,* 124 Ariz. 212, 603 P.2d 104 (App.1979) is misplaced. In those cases, orders of restitution to victims of unrelated crimes to which the defendants had not admitted guilt, been adjudged guilty, nor agreed to pay such restitution, were determined to be improper. The condition imposed in the present case was based upon an adjudication of guilt.

For the foregoing reasons, the sentence is affirmed.

GREER and JACOBSON, JJ., concur.