717 P.2d 933

**The STATE of Arizona, Appellee,**

**v.**

**William O. HENDERSON and Henderson, Inc., Appellants.**

**No. 2 CA–CR 3628.**

Court of Appeals of Arizona, Division 2, Department A.

Feb. 20, 1986.

Reconsideration Denied March 25, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Diane M. Ramsey, Phoenix, for appellee.

Frederic J. Dardis, Pima Co. Public Defender by Regula Case, Tucson, for appellants.

## OPINION

HATHAWAY, Chief Judge.

Appellant, William Henderson, an investment counselor, and Henderson, Inc., were charged by indictment with four counts of theft over $1,000, a class 3 felony; two counts of attempted theft over $1,000, class 4 felony; forgery, a class 4 felony; illegal control of an enterprise, a class 3 felony; and illegally conducting an enterprise, a class 3 felony. The state also alleged vari-ous counts as prior offenses to the other counts. Appellants pled guilty to three counts of fraudulent scheme and artifice, a class 2 felony A.R.S. § 13–2310.

Appellant Henderson agreed, among other things, to receive an aggravated prison sentence, to pay restitution to his victims, and to forfeit all of his and Henderson, Inc.'s property. The RICO statute calls for both restitution and forfeiture. A.R.S. § 13–2314. At the presentence hearing, the state presented an exhibit specifying in detail what amount of money was due to each victim under the plea agreement. The trial court adopted the state's computations, accepted the plea and sentenced appellant Henderson to three concurrent, aggravated terms of 10 years. Appellant Henderson, Inc., was placed on probation. The judge entered a civil judgment in the amount of $1,684,039.89, the amount calculated by the state. The court also ordered forfeiture of all property held by Henderson and Henderson, Inc. This appeal followed.

Appellants do not contest the validity of either of their guilty pleas nor Mr. Henderson's prison sentence. Neither do they challenge the propriety of restitution or forfeiture. Appellants raise the following three issues on appeal:

(1) Blanket forfeiture was not intended by the trial court; it contravenes the intent and purpose of the legislature and denies appellants due process of law.

(2) The order of forfeiture of real estate located in Colorado by direct action in rem is void for lack of jurisdiction.

(3) The trial court erred in precluding appellant's challenge to the amounts of restitution claimed by the state.

## I. FORFEITURE

A.R.S. § 13–2314(B) provides for forfeiture to the state in RICO prosecutions. Appellants contend that the RICO statutes were intended only to allow forfeiture of property tainted by the illegal activity. See *United States v. Zang*, 703 F.2d 1186 (10th Cir.1982), cert. den. 464 U.S. 828, 104

**256**

S.Ct. 103, 78 L.Ed.2d 107 (1983). Appellants argue that no nexus was established between the forfeited property and the illegal activity and that they are entitled to a remand for the trial court to determine the existence of that nexus. In this case, however, appellants signed a plea agreement. The agreement unequivocally states that appellants intend to forfeit all property, tangible and intangible.

At a hearing, before accepting the plea agreement, the trial judge asked Mr. Henderson if he understood the forfeiture portion of the plea agreement. Mr. Henderson responded that he did. Even assuming that some of the forfeited property was not the fruit of the illegal activity, appellants agreed in the plea agreement, to forfeit all of it. A defendant, in order to secure a more favorable plea agreement, may consent to restitution in excess of what normally would be imposed. See *State v. Smith*, 129 Ariz. 28, 628 P.2d 65 (App.1981); *State v. Cummings*, 120 Ariz. 69, 583 P.2d 1389 (App.1978). Appellants are bound by the terms of the plea agreement which was knowingly and voluntarily made. Additionally, the trial court limited forfeiture to property owned at the time of the judgment. Appellants' objection in this regard is without merit.

## II. JURISDICTION OVER COLORADO REAL PROPERTY

Appellants argue that the state cannot proceed against real property located in Colorado because Arizona lacks jurisdiction. Appellants also state that the property in question is separate property of Henderson's former wife. If that is true, appellants have no standing to object on jurisdictional grounds since their interests are not affected. In any event, Arizona had in personam jurisdiction over appellants and in personam jurisdiction can provide the basis for the trial court's order requiring appellants to convey real property located outside this jurisdiction. *Chamberlain v. Wakefield*, 95 Cal.App.2d 280, 213 P.2d 62 (1949).

## III. RIGHT TO EVIDENTIARY HEARING ON RESTITUTION

Appellants argue that the $1.6 million award for restitution is too high because credit was not given for payments already made to some of the victims. At the presentence hearing, the trial court rejected those arguments, accepted the state's exhibit showing the amount of damages, and gave appellant Henderson a chance to back out of the plea agreement if he disagreed with the calculations. Appellant Henderson chose to accept the plea agreement. The state was ordered to prepare a civil judgment. That judgment reflected the amounts presented at the presentence hearing. By entering into the plea agreement appellant voluntarily chose to accept those amounts. He waived any future challenges. See *State v. Moreno*, 134 Ariz. 199, 655 P.2d 23 (App.1982).

The plea agreement reflects preliminary damages in the amount of $530,000 on the part of the victims. When multiplied by the treble damages allowed under A.R.S. § 13–2314(D)(4), the figures approach the $1.6 million awarded. Since the plea agreement did state that the $530,000 figure was preliminary, appellant is paying in restitution approximately what he had preliminarily agreed to pay in the plea agreement.

Affirmed.

HOWARD, P.J., and FERNANDEZ, J., concur.