767 P.2d 233

**STATE of Arizona, Appellee,**

v.

**Charles Matthew BOUCHIER,
Appellant.**

**No. 1 CA–CR 88–111.**

Court of Appeals of Arizona,
Division 1, Department D.

Jan. 12, 1989.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., John B. Barkley, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GRANT, Chief Judge.

Defendant was indicted on September 15, 1987 on one count of sexual assault, a class two felony in violation of A.R.S. § 13–1406. Prior to trial, the state alleged that the defendant had a prior felony conviction. On December 9, 1987, defendant entered into a plea agreement in which he agreed to plead guilty to one count of attempted sexual assault, a class 3 felony. The state agreed to dismiss the allegation of a prior felony conviction. The agreement stipu-

lated that the defendant would receive probation. On January 21, 1988, defendant was ordered to serve 10 years probation. As conditions of probation, he was ordered to spend one year in the county jail and ordered to register as a sex offender pursuant to A.R.S. § 13–3821. Defendant filed a timely notice of appeal. On appeal, he raises the following issues:

(1) Did the trial court impose an illegal sentence?

(2) Is the defendant required to register as a sex offender pursuant to A.R.S. § 13–3821?

## LENGTH OF PROBATION

■ At sentencing, defendant was given 10 years probation for the class 3 felony conviction. He did not object at the time. On appeal, defendant claims that this is an illegal sentence because the maximum term of probation for a class 3 felony is 5 years. Probation is not a sentence. *State v. Muldoon,* 159 Ariz. 295, 767 P.2d 16 (1988). However, we consider the issue as whether an illegal term of probation was imposed on defendant. The state responds that defendant has waived the issue and that the maximum term of probation is 10 years.

Unless terminated sooner, probation may continue for the following periods:

(1) For a class 2, 3 or 4 felony, the term authorized by § 13–701, subsection B.

A.R.S. § 13–701(B)(2)[1] provides:

Except as provided in § 13–604 the term of imprisonment for a felony shall be determined as follows for a first offense:

. . . .

(2) For a class 3 felony, 5 years.

Defendant maintains that the statute clearly provides for a maximum term of probation of 5 years and therefore the trial court imposed an illegal sentence. The state argues that A.R.S. § 13–701(B) must be read in conjunction with A.R.S. § 13–702 and that the probation period can be increased up to 100%.

The provisions in penal statutes must be construed according to the fair meaning of

their terms to promote justice and effect the objects of the law. A.R.S. § 13–104. The intent of the legislature in enacting a statute is first to be determined from statutory language. If that language is plain and unambiguous leading to only one meaning, the court will follow that meaning. *Board of Education v. Leslie,* 112 Ariz. 463, 543 P.2d 775 (1975). Statutory language which is clear and unambiguous generally requires no judicial construction. *Smith v. Pima County Law Enforcement Council,* 113 Ariz. 154, 548 P.2d 1151 (1976). Within Title 13, Chapter 9 deals with probation. In drafting Section 13–901 of Chapter 9, the legislature chose only to refer to A.R.S. § 13–701. Had the legislature intended for the provisions of A.R.S. § 13–702 to apply to Chapter 9 of the Criminal Code, the legislature could have referred to that specific section as well. Only where a statute is ambiguous or unclear is the court at liberty to resort to rules of statutory interpretation. *State v. Sweet,* 143 Ariz. 266, 693 P.2d 921 (1985). The order of probation imposed by the trial judge exceeded the maximum probation period allowed by statute for a class 3 felony and we therefore modify it to 5 years.

■ The state also contends that the defendant waived this issue by failure to object to the term of probation. *State v. Mears,* 134 Ariz. 95, 654 P.2d 29 (App. 1982). The trial court's action resulted in an illegal term of probation, which is fundamental error as is an illegal sentence. *State v. Whitney,* 151 Ariz. 113, 726 P.2d 210 (App.1985); *State v. Thomas,* 142 Ariz. 201, 688 P.2d 1093 (App.1984). Accordingly, failure to object did not deprive defendant of review by this court. *State v. Holder,* 155 Ariz. 83, 745 P.2d 141 (1987).

## SEX OFFENDER REGISTRATION

■ Defendant claims that because he pled guilty to attempted sexual assault and not sexual assault, he is not subject to the sex offender registration requirements of A.R.S. § 13–3821. The state replies that defendant has waived this claim pursuant

1. Now see A.R.S. § 13–701(C), Laws 1988, Ch. 66, § 1.

to *State v. Mears, supra,* and that defendant's position is without merit.

Defendant has waived this claim on appeal. As noted previously, *Mears* stands for the proposition that by failing to timely object to a term of probation the defendant waives review. While the sex offender registration statute is an independent statutory requirement, the only issues properly before this court are the terms and conditions of the defendant's probation. There was no objection in the trial court to this requirement.

Further, there is no merit to the defendant's position. In *State v. Cory,* 156 Ariz. 27, 749 P.2d 936 (App.1987), Division Two of this court rejected the contention that a conviction for *attempt* of a crime otherwise invoking the sex offender registration requirement means that requirement should not be imposed. Defendant has not argued any reason to reject the holding in *Cory,* and has not properly presented this issue on appeal.

For the foregoing reasons, the judgment of conviction is affirmed. Pursuant to A.R.S. § 13–4037, the imposition of 10 years' probation is vacated and modified to a term of 5 years probation. All the other terms and conditions of probation remain in effect.

CORCORAN and GREER, JJ., concur.