NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JAMES EUGENE SKALA, *Petitioner*.

No. 1 CA-CR 16-0257 PRPC
FILED 6-20-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2008-007354-001 DT
The Honorable Barbara L. Spencer, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

James Eugene Skala, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

---

**C R U Z**, Judge:

¶1 Petitioner James Eugene Skala seeks review of the trial court's order denying his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.1. We review the superior court's denial of post-conviction relief for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19, 278 P.3d 1276, 1280 (2012). Finding no such abuse, we grant review and deny relief.

¶2 In May 2009, Skala pled guilty to burglary in the first degree, a Class 2 dangerous felony, and aggravated assault, a Class 3 dangerous felony. At the same proceeding, he pled no contest to attempted sexual assault, a Class 3 felony, and attempted kidnapping, a Class 3 felony and dangerous crime against children. The superior court accepted the plea, entered judgments of guilt, and sentenced Skala to fourteen years' imprisonment for the burglary conviction and a concurrent term of 7 years' imprisonment for the aggravated assault conviction. It suspended imposition of sentence for the remaining convictions, placing Skala on lifetime probation for the attempted sexual assault conviction and 5 years' probation for the attempted kidnapping conviction. Both terms of probation were to commence upon Skala's absolute discharge from prison.

¶3 Skala filed an untimely notice of post-conviction relief. Noting the petition's untimeliness and the lack of claims that could be raised in an untimely manner pursuant to Rule 32.1(d), (e), (f), (g), or (h), the superior court summarily dismissed the proceeding. *See* Ariz. R. Crim. P. 32.2(b) and 32.4(a). Skala did not seek review.

¶4 Over five years later, Skala filed a successive post-conviction relief petition in which he claimed that the "terms" of lifetime probation were illegal. Relying on *State v. Bouchier*, 159 Ariz. 346, 767 P.2d 233 (App. 1989), which had interpreted an earlier version of Arizona Revised Statutes ("A.R.S.") section 13-902 (1987), Skala claimed that lifetime probation violated A.R.S. § 13-902 because "the maximum term of probation for a class 3 felony is 5 years." The superior court correctly noted that the claim was

precluded.  *See* Ariz. R. Crim. P. 32.2(a)(3).  The superior court noted that even if not precluded:

> [T]he defendant's claim fails on the merits.  According to Defendant, the Court violated A.R.S. § 13-902 in imposing two lifetime terms of probation because "the maximum term for a class 3 felony is 5 years." . . .  Contrary to Defendant's argument, Defendant received lifetime probation only for attempted sexual assault; his probation term for attempted kidnapping is 5 years. . . .  The attempted sexual assault and attempted kidnapping offenses were class 3 felonies.  Pursuant to A.R.S. § 13-902(E), "[a]fter conviction of a felony offense or an attempt to commit any offense that is included in chapter 14 or 35.1 of this title or § 13-2308.01, 13-2923 or 13-3623, if probation is available, probation may continue for a term of not less than the term that is specified in subsection A of this section *up to and including life* and that the court believes is appropriate for the ends of justice."  (Emphasis added.)  Because Defendant's attempted sexual assault offense arose under Chapter 14, *see* A.R.S. § 13-1406, A.R.S. § 13-902(E) applies.  By its terms, A.R.S. § 13-902(E) applies notwithstanding the general A.R.S. § 13-902(A)(2) provision on class 3 felonies.  Therefore, the Court properly applied A.R.S. § 13-902 when sentencing the defendant to a lifetime probation term for attempted sexual assault.

¶5          On review, Skala maintains that lifetime probation is an illegal sentence, and that he is not precluded from raising this claim because lifetime probation is illegal.  He does not challenge the probationary term for his attempted kidnapping conviction and has accordingly abandoned the issue.  *See* Ariz. R. Crim. P. 32.9(c)(10) (petition for review shall contain "[t]he reasons why the petition should be granted" and "specific references to the record"); *State v. Rodriguez*, 227 Ariz. 58, 61 n.4, ¶ 12, 251 P.3d 1045, 1048 (App. 2010) (declining to address argument not raised in petition for review).  We therefore only address Skala's arguments regarding the probationary term for his attempted sexual assault conviction.

¶6          A trial court may summarily dismiss a Rule 32 proceeding based upon preclusion.  Ariz. R. Crim. P. 32.2(a), 32.6(c).  A claim is precluded when it "has been waived at trial, on appeal or in a previous collateral proceeding."  Ariz. R. Crim. P. 32.2(a)(3).  A petitioner like Skala, who files successive notices of post-conviction relief, may only assert claims that fall within Rule 32.1(d), (e), (f), (g), or (h), and must state in the notice

"meritorious reasons . . . substantiating the claim and indicating why the claim was not stated in the previous petitions or in a timely manner." Ariz. R. Crim. P. 32.2(b). Because Skala asserts his claim pursuant to Rule 32.1(c) (illegal sentence), it was properly subject to preclusion. Ariz. R. Crim. P. 32.2(a); *see also State v. Peek*, 219 Ariz. 182, 183, ¶ 4, 195 P.3d 641, 642 (2008) (stating a claim of an illegal sentence must be timely presented).

¶7        For the foregoing reasons, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA