**314**

426 P.2d 414

STATE of Arizona, Appellee,

v.

E:dward E. BENTON, Appellant.

No. 1 CA–CR 111.

Court of Appeals of Arizona.

April 14, 1967.

Rehearing Denied June 1, 1967.

Darrell F. Smith, Atty. Gen., by James S. Tegart, Asst. Atty. Gen., for appellee.

Edward E. Benton, in pro. per.

CAMERON, Chief Judge.

This is an appeal from a sentence on a revocation of probation. Defendant was found guilty by a jury verdict and judgment of the court of the crime of forgery (13–421 A.R.S.), and the court on 30 January 1963 suspended imposition of sentence for ten years placing the defendant on probation for said period of time.

While defendant was on probation he was again arrested and charged with illegal possession of marijuana. On 26 August 1964 the defendant appeared without counsel, his probation was revoked, and he was sentenced to a term of not less than five nor more than ten years in the Arizona State Prison. The charge of illegal possession of marijuana (36–1002.05 A.R.S.) was dismissed on 15 September 1964.

Defendant was ordered returned to court by the trial judge in April of 1966 for re-sentencing because he had previously been sentenced without presence of counsel. Lee v. State, 99 Ariz. 269, 408 P.2d 408 (1965). At that time (18 May 1966) defendant was present and represented by counsel, witnesses were called to testify on his behalf, and the defendant himself testified. In addition to testimony concerning the possession of marijuana defendant admitted that after he had been placed on probation he served 90 days for "revoked driver's license". Defendant's probation was again revoked, and he was sentenced to term of not less than five nor more than ten years in the Arizona State Prison, the term to commence on 9 September 1964. Defendant filed his notice of appeal in propria personna stating:

"I do not wish to be represented by counsel appointed by the court, but instead wish to represent myself."

This Court ordered that the defendant be examined pursuant to Rule 250, Rules of Criminal Procedure, 17 A.R.S., to determine if he could intelligently and competently waive counsel and prosecute his own appeal, see Westbrook v. State of Arizona, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429 (1966) and State of Arizona v. Westbrook, 101

Ariz. 206, 417 P.2d 530 (1966), and after hearing, the trial court found that he was able to proceed with the appeal in this Court representing himself. This finding was certified to the Court of Appeals.

Defendant complains that the trial court abused its discretion in revoking his probation and strongly indicates that the charge of possession of marijuana which was dismissed because of insufficient evidence was the main reason the court revoked his probation, and that the court erred in admitting any information concerning the possession of marijuana.

█ Defendant also complains that the trial court talked to the officer in chambers outside of his presence and outside of the presence of his counsel. The transcript shows the following:

"The Court: You may step down, Mr. Benton.

"Mr. Weinstein: We have nothing further at this time.

"The Court: All right, I would like to talk to the—are you the police officer, sir?

"Answer: Yes, sir.

"The Court: I would like to talk to the officers in chambers for a moment, please. I don't want it on the record. The court is recessed."

Our Supreme Court has recently stated:

"We have researched the nature of the proceedings necessary to safeguard the rights of an alleged parole violator. At such a proceeding the rights of the parole violator are not conferred by constitution but are conferred by statute. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566. To remain at liberty under a suspended sentence is not a matter of right but a matter of grace and purely in the discretion of the trial court, Varela v. Merrill, 51 Ariz. 64, 74 P.2d 569. A proceeding for revocation of probation is not subject to the limitations of a trial on the merits and is not governed by the same rules, People v. Slater, 152 Cal.App.2d 814, 313 P.2d

111." State v. Maxwell, 97 Ariz. 162, 398 P.2d 548 (1965).

The offense of driving at the time his license was revoked was a sufficient basis for the revocation of probation. We find no abuse of the trial court's discretion.

Judgment affirmed.

DONOFRIO and STEVENS, JJ., concur.