807 P.2d 538

**STATE of Arizona, Appellee,**

v.

**James Michael SHEEHAN, Appellant.**

**No. 1 CA–CR 89–1330.**

Court of Appeals of Arizona, Division 1, Department A.

March 5, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for appellant.

## OPINION

TAYLOR, Presiding Judge.

### FACTS

Appellant James Michael Sheehan ("defendant") was convicted of possession of drug paraphernalia on August 21, 1988, and placed on probation for three years. On August 25, 1989, a petition to revoke probation was filed alleging six violations. On August 28th, defendant pled guilty in Tempe City Court to two civil traffic offenses committed five days earlier. The citations alleged driving left of center, in violation of A.R.S. § 28–721(A), and driving without proper registration, in violation of A.R.S. § 28–302(A). On September 19, 1989, defendant entered admissions in Superior Court to amended allegations of probation violations based upon these civil traffic offenses. On motion of the prosecutor, the other violation allegations were dismissed. At the disposition proceedings, the trial court reinstated defendant on probation for three years, but modified the conditions to require three months incarceration. Defendant filed a timely notice of appeal.

### DISCUSSION

The single issue on appeal is whether the civil traffic offenses admitted by defendant violated a standard term of his probation order that generally required him to "obey all laws and contact the probation officer within 72 hours if questioned or arrested by any law enforcement officer." A trial court's finding of probation violation will be upheld on review unless it is arbitrary or unsupported by any theory of evidence. *State v. Moore*, 125 Ariz. 305, 306, 609 P.2d 575, 576 (1980).

The issue raised is a question of law as to the meaning to be given to the phrase "obey all laws." The state argues that breach of any law, civil or criminal, violates this term. Defendant, without citing to any authority, urges us to confine its scope to criminal offenses in order to avoid what he perceives to be unfair and absurd results.

The convictions in Tempe City Court were for civil traffic offenses and not criminal offenses. A.R.S. § 28–181(B) states that:

> Any violation of ... any act or thing required by chapter 3 ... or chapter 6 ... of this title constitutes a civil traffic offense unless the statute defining the violation provides for a different classification....

Neither A.R.S. § 28–721(A) nor § 28–302(A) (the statutes defining the traffic offenses) provides for a different classification. The state does not dispute this classification.

In the absence of Arizona cases on point, we turn to other jurisdictions and

authoritative sources for assistance. In their treatise on probation and parole,[1] Cohen and Gilbert discuss the common probation provision that a probationer not violate the law, and note that:

> A few of the broader provisions proscribe violations of local, state, or federal laws, arguably referring to both criminal and civil laws. The typical statute, however, refers to violations of the criminal laws, usually specifically including infractions of the criminal laws of the federal government and all states.... While we might expect that a statute which was silent on the point would be interpreted to include all criminal law violations, the scant authority suggests that minor offenses, like traffic violations, are probably not included in the probation or parole order....

Cohen and Gilbert at 220–221. Likewise, a similar "good behavior" term "only obligates the . probationer ... to obey the criminal law." *Id.* at 221–222. *See State v. Cunningham,* 63 N.C.App. 470, 474–75, 305 S.E.2d 193, 196 (1983) (a nuisance activity such as loud playing of music not a violation). We further note that a finding of a violation of probation is unconstitutional if that finding is premised upon a statutory construction that denies a probationer fair warning that certain conduct would be construed by the court to be in violation of the court's order of probation. *Douglas v. Buder,* 412 U.S. 430, 432, 93 S.Ct. 2199, 2200, 37 L.Ed.2d 52 (1973) (per curiam).

■ Commission of a traffic offense *classified as a misdemeanor* is generally held to violate a requirement to obey all laws. *See State v. Benton,* 5 Ariz.App. 314, 426 P.2d 414 (1967) (conviction for driving while license revoked[2] is violation); *State v. Carney,* 390 A.2d 521 (Me.1978) (DUI on suspended license violated term barring criminal conduct); *Albritton v. State,* 676 S.W.2d 717 (Tex.Ct.App.), *opinion on motion for rehearing,* 680 S.W.2d 80 (1984) (speeding conviction is violation). *Cf. Caston v. State,* 58 So.2d 694 (Fla.1952) (conviction under municipal ordinance for possession and sale of lottery tickets is violation). We believe it is clear that our legislature, by decriminalizing numerous traffic offenses in 1983,[3] determined as a matter of public policy that these particular offenses were not as morally reprehensible as criminal acts. *See State v. Walker,* 159 Ariz. 506, 510, 768 P.2d 668, 676 (App. 1989).

For purposes of probation violation, we conclude that commission of a civil traffic offense is different in substance and effect from a criminal offense, and the phrase "obey all laws" must be construed in this case to exclude such civil offenses. Since the defendant admitted only these offenses, the trial court erred in finding that he thereby violated the terms of his probation. The judgment of violation is reversed and the original conditions of probation are restored.

CONTRERAS and LANKFORD, JJ., concur.

---

1. Cohen and J. Gilbert, *The Law of Probation and Parole,* (1983) (hereinafter Cohen and Gilbert).

2. In *Benton,* the defendant committed the traffic offense after he was placed on probation on January 30, 1963. 5 Ariz.App. at 314, 426 P.2d at 414. Driving while license revoked has been a misdemeanor offense in Arizona since 1951. *See* Laws 1951, ch. 115 § 32(a) (effective July 1, 1951), codified at A.C.A.1939, Supp.1952, § 66–286. *See also* A.R.S. § 28–473(A) and accompanying "Historical Note."

3. Laws 1983, ch. 279, § 9, eff. after December 31, 1983.