44 P.3d 1005

**STATE of Arizona, Appellant,**

v.

**Elmer Elwood HYLTON, Appellee.**

**No. 1 CA–CR 01–0631.**

Court of Appeals of Arizona, Division 1, Department A.

March 14, 2002.

Redesignated as Opinion and Publication Ordered April 30, 2002.

Richard Romley, Maricopa County Attorney, By Diane Gunnels Rowley, Deputy County Attorney, Phoenix, Attorneys for Appellant.

James J. Haas, Maricopa County Public Defender, By Charles Krull, Deputy Public Defender, Phoenix, Attorneys for Appellee.

OPINION

GEMMILL, Judge.

¶ 1 The State timely appealed the trial court's decision to place probation violator Hylton on *unsupervised* probation for only one year, even though Hylton's original *standard* probation term was for three years. When the State challenges the legality of a sentence on appeal, we conduct an independent review. *State v. Estrada*, 197 Ariz. 383, 385, ¶ 6, 4 P.3d 438, 440 (App.2000). Because the trial court did not follow the requirements of Arizona Revised Statutes ("A.R.S.") § 13–901.01 (2001), we vacate Hylton's sentence and remand for a new disposition.

¶ 2 In reinstating Hylton, a Proposition 200 defendant, on probation, the trial court stated that nothing in A.R.S. § 13–901.01 or its accompanying case law specifies either what length of term is required or which conditions are required. However, the plain language of the statute and its accompanying case law make clear that the trial court must reinstate a Proposition 200 probation violator to probation with *additional* terms. *See* A.R.S. § 13–901.01(E) ("A person ... placed on probation under ... this section ... in violation of probation *shall have new conditions* of probation established by the court. The court shall select *the additional conditions* it deems necessary ....") (emphasis added).

¶ 3 Because our "trial court[s] do[ ] not have inherent authority to grant probation," but rather are granted that authority from our legislature, a court's probation order "must conform to the statutory authori-

zation." *State v. Hensley*, 201 Ariz. 74, 79, ¶ 21, 31 P.3d 848, 853 (App.2001). Furthermore, "the clear language of A.R.S. § 13–901.01(E) require[s] the trial court to impose additional terms of probation" on probation violators. *Id.* at 80, ¶ 22, 31 P.3d at 854. The trial court correctly noted that A.R.S. § 13–901.01 does not require any *particular* additional term. *See* A.R.S. § 13–901.01(E) ("The court shall select the additional conditions it deems necessary, including intensified drug treatment, community service, intensive probation, home arrest, or any other such sanctions short of incarceration."). Additional terms, however, must be included.

¶ 4 Hylton argues that when Proposition 200 defendants violate probation for non-drug possession reasons, such as failing to report or failing to notify a probation officer of a change of address, as Hylton did, these violations fall outside of the main purpose of Proposition 200—to provide therapeutic treatment for personal drug use—and therefore trial courts need not impose additional probation terms. Case law interpreting Proposition 200, however, clarifies that A.R.S. § 13–901.01 requires new terms due to the violation of probation itself, regardless of the type of condition violated. *See Calik v. Kongable*, 195 Ariz. 496, 499, ¶ 12, 990 P.2d 1055, 1058 (1999) ("It makes no sense for the supplemented terms of probation to be less severe than the original terms when the additional conditions are being added as a sanction for violating the original terms of probation."); *Hensley*, 201 Ariz. at 80, ¶ 23, 31 P.3d at 854 ("[T]he court should employ all legally available means to penalize an offending probationer.").

¶ 5 By placing Hylton on unsupervised probation for one year when his original sentence was standard probation for three years, the trial court violated the statutory mandate. As already noted, the plain language of the statute, as well as the interpreting case law, require the trial court to impose new and additional conditions on probation violators. *See Calik*, 195 Ariz. at 499, ¶ 12, 990 P.2d at 1058; *Hensley*, 201 Ariz. at 80, ¶ 22, 31 P.3d at 854. Although we respect the trial court's concern regarding the waste of resources (*i.e.*, ordering services that a Proposition 200 defendant may not want or appreciate), we hold that trial courts must impose additional terms of probation when sentencing probation violators pursuant to A.R.S. § 13–901.01.

¶ 6 We therefore vacate Hylton's sentence and remand this matter to the trial court for a new disposition.

CONCURRING: JEFFERSON L. LANKFORD, and JAMES B. SULT, JJ.