ESPINOSA, Judge, dissenting:
¶ 33 I respectfully disagree with the majority’s conclusion that the respondent judge erred in prohibiting Reed-Kaliher, a convicted narcotics trafficker and drug abuser, from possessing and using marijuana as a term of his probation, even in the face of the AMMA And, on the latter point, because Reed-Kali-her stipulated to his probation, which included terms necessarily prohibiting marijuana use, there is no need to address, on these facts, either the question of whether the AMMA prevents a court from imposing a bar on medical marijuana use as a condition of probation, or the issue of federal preemption of state drug laws.
¶ 34 As noted in the recitation of the facts of this matter, the record shows Reed-Kali-her stipulated to probation in his plea agreement. In his ruling, the respondent judge pointed out that by agreeing to probation, Reed-Kaliher had consented to the uniform conditions of probation, set forth in § 6-207 of the Arizona Code of Judicial Administration. Those conditions expressly included “obeying all laws” and not using or possessing illegal drugs or controlled substances. Ariz.Code of Jud. Admin. § 6-207 app. A. And Reed-Kaliher further agreed to “[e]om-ply with any written directive of the [Adult Probation Department] to enforce compliance with the conditions of probation.”
¶ 35 Reed-Kaliher argues, and the majority accepts, that he did not validly waive his rights under the AMMA He maintains that because the AMMA, which had not yet been enacted, was not expressly addressed in his plea agreement or conditions of probation, his waiver was not “voluntary and intentional.” A specific waiver of the protections provided by the AMMA, however, was not required for the respondent judge to prohibit Reed-Kaliher from using marijuana — he expressly agreed to obey all laws, including those governing controlled substances, and to comply with written directives to enforce compliance with those laws. As the respondent judge noted, at the time Reed-Kaliher was convicted, marijuana possession and use was, and continues to be, unlawful under federal law. See 21 U.S.C. §§ 841(a)(1), 844(a). And, “a state court may order as a condition of probation that [a] defendant comply with the law, federal, as well as state.” State v. Marquez-Sosa, 161 Ariz. 500, 502, 779 P.2d 815, 817 (App.1989), citing State v. Camargo, 112 Ariz. 50, 52, 537 P.2d 920, 922 (1975). Thus, there is no need to address whether the federal prohibition of marijuana possession and use would itself be a sufficient ground on which a trial court could prohibit a probationer from using marijuana under the AMMA; in this case, Reed-Kaliher expressly agreed to accept that restriction in order to gain the benefits of a plea bargain, and I see no basis for excluding the federal drug laws from that agreement. Furthermore, although my colleagues rely on Demarce v. Willrich, 203 Ariz. 502, 56 P.3d 76 (App.2002), for the proposition that Reed-Kaliher did not have the right to refuse probation after he entered into the plea agreement, see id. ¶ 19,1 fail to see how this undermines his voluntary acceptance of the term prohibiting marijuana use. Reed-Kali-her knew what the plea agreement’s terms required and, like Demarce, “certainly had the option to reject the plea agreement at the outset.” Id. ¶ 15.
¶36 Nor do I agree that a public policy favoring the legal use of medicinal marijuana necessarily conflicts with a probation condition prohibiting such use. See State v. Smith, 129 Ariz. 28, 30-31, 628 P.2d 65, 67-68 (App.1981) (public policy goal of preserving families not undermined by homestead waiver condition bearing reasonable nexus to probation goals).[7] Athough my colleagues as *370 sert that the AMMA “expressly prohibits the state from conditioning the privilege of probation on the waiver of those rights,” nothing in that Act specifically addresses a drug-offending probationer’s use of medical marijuana. I therefore cannot conclude that allowing a drug-offending defendant to agree not to use marijuana as a condition of his plea bargain runs afoul of the limited immunity provision of the AMMA Indeed, this court has implicitly determined that the protections of the AMMA may be waived by plea agreement. Polk v. Hancock, 680 Ariz. Adv. Rep. 29, ¶¶ 25-26, - Ariz. -, ¶¶ 25-26, - P.3d -, -, 2014 WL 623701 (Ct. App. Feb. 18, 2014) (trial judge erred in striking stipulated probation condition prohibiting medicinal marijuana use). That the AMMA does not specifically exclude probationers from its protections simply has no bearing on a convicted felon’s decision to voluntarily enter into an agreement whereby he may avoid additional incarceration by agreeing to abide by specified laws and restrictions.
¶37 Accordingly, because Reed-Kaliher stipulated to a term of probation that included restrictions against marijuana, the question remains one of reasonableness. That standard has been applied to other probation requirements as well. See State v. Kessler, 199 Ariz. 83, ¶ 21, 13 P.3d 1200, 1205 (App. 2000). In determining whether a probation condition is permissible, the test “ ‘is whether there is a reasonable nexus between the conditions imposed and the goals to be achieved by the probation.’ ” Id., quoting State v. Davis, 119 Ariz. 140, 142, 579 P.2d 1110, 1112 (App.1978); cf. Polk, 680 Ariz. Adv. Rep. 29, ¶¶ 25-26,- Ariz. -, ¶¶ 25-26, — P.3d at-(requiring individualized determination of whether medical marijuana prohibition was reasonable term of probation). Here, the condition of probation restricting Reed-Kaliher from possessing or using marijuana is directly related to his criminal offenses. He pled guilty to attempted possession of a narcotic drug for sale and possession of marijuana for sale. As the trial court noted, and the majority concedes, he also has a long history of drug abuse. Such a condition is therefore relevant to his offenses and is reasonably related to Reed-Kaliher’s rehabilitation and protection of the public from additional criminal offenses. See Kessler, 199 Ariz. 83, ¶ 21, 13 P.3d at 1205. The close relationship between Reed-Kali-her’s crimes and the challenged condition also highlights a potential policy problem created by the majority’s position: prosecutors and courts unable to prohibit marijuana use may be much less likely to offer or approve plea agreements in many eases.
¶38 Finally, although the Act could have expressly excluded probationers from its protection, as my colleagues point out, I cannot accept its silence on this critical point as signifying the voters’ intent to allow a convicted drag trafficker and drag abuser to continue using marijuana while on probation, even within the purview of the AMMA This is particularly so in light of A.R.S. § 13-3408(G), which requires defendants convicted of enumerated drug offenses and placed on probation to be “prohibited from using any marijuana.” And “[t]he law does not favor construing a statute as repealing an earlier one by implication. Rather, whenever possible, this court interprets two apparently conflicting statutes in a way that harmonizes them and gives rational meaning to both.” Estate of Hernandez v. Ariz. Bd. of Regents, 177 Ariz. 244, 249, 866 P.2d 1330, 1335 (1994) (citations omitted). In this circumstance, we could give meaning to both the AMMA and the more specific drag-sentencing statutes by interpreting the AMMA’s silence as to probationers to signal its assent to the longstanding limitations on drug use by those convicted of drug-related offenses — an interpretation that also would avoid the anomalous result reached by the majority today.
¶39 In any event, because Reed-Kaliher validly agreed to conditions of probation that prohibit him from using marijuana, it is not necessary to resolve questions of statutory interpretation here. I would therefore af *371 firm the respondent judge’s legitimate and sensible restriction of Reed-Kaliher’s marijuana use pursuant to his plea agreement, and deny relief on the petition for special action.

. Notably, both cases discussed in the majority’s argument on this point involved a different inquiry from the one conducted here. In State v. Sheehan, this court evaluated whether a probation condition requiring defendant to "obey all laws” justified revocation based on a civil traffic violation. 167 Ariz. 370, 372, 807 P.2d 538, 540 (App.1991). And State v. Lynch considered *370 whether probation could be revoked based on adultery where the statutory requirements for prosecution of that crime had not been met. 115 Ariz. 19, 24, 562 P.2d 1386, 1391 (App. 1977). This case does not require us to determine what the relevant conditions in the probation agreement prohibited or whether they had been violated.